UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

___

CHRISTOPHER J. VELTHUYSEN,

        Plaintiff,                       Case No. 2:14-cv-192

v.                                          Honorable Gordon J. Quist

ARAMARK CORPORATION, INC. et al.,

        Defendants.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Lesatz, Walbridge and Lettinosen. The Court will also dismiss Plaintiff's due process claims against Defendant Aramark Corporation, Inc. The Court will serve Plaintiff's Eighth Amendment claims against Defendant Aramark Corporation, Inc.

**Discussion**

      I.       Factual allegations

Plaintiff presently is incarcerated at the Baraga Maximum Correctional Facility (AMF). In his *pro se* complaint, he sues Aramark Corporation, Inc. (Aramark), AMF Deputy Warden Dan Lesatz, AMF Food Service Supervisor Rob Walbridge and AMF Food Service Director D. Lettinosen for violating his Fifth, Eighth and Fourteenth Amendment rights.

Plaintiff complains that the meals served by Aramark are nutritionally inadequate, spoiled, undercooked, watered-down and have made Plaintiff violently ill. On December 18, 2013, Plaintiff alleges that he was served spoiled meat, moldy bread, cold noodles and gravy, and a green orange. Plaintiff requested another meal tray but he was told that the kitchen was closed. On December 19, 2013, Plaintiff was served moldy bread, a rotten apple and cold noodles and spinach and warm milk. When he requested a new tray, the MDOC denied his request.

On December 20, 2013, Plaintiff filed a grievance regarding the December 18 and 19, 2013, food incidents. Plaintiff states that Defendant Walbridge denied Plaintiff's Step I grievance in an untimely response according to Michigan Department of Corrections (MDOC) policy. Plaintiff appealed the denial of his grievance to Step II but Defendant Lesatz denied Plaintiff's Step II appeal. Plaintiff's Step III grievance appeal was also denied.

On August 13, 2014, Plaintiff received undercooked, watered-down oatmeal and jelly, and moldy toast. Plaintiff also complains that the food trays still had food from the day before on them. Soon thereafter, Plaintiff filed a grievance regarding the August 13 food that Aramark served to Plaintiff through the three-step grievance process.

On August 17, 2014, Plaintiff allegedly vomited after eating food served by Aramark. Plaintiff noticed blood in his vomit. Plaintiff kited health care but he never received a response.

On September 4, 2014, Plaintiff wrote a kite to Food Service Director Michael Delisle, who is not listed as a Defendant in Plaintiff's complaint. Plaintiff informed Delisle of missing food, improper sanitation of the food trays and the food cart, and spoiled food.

Plaintiff alleges that Defendant Aramark violated his Fifth, Eighth and Fourteenth Amendment rights by serving food that made Plaintiff "sick and violently ill." (Compl., docket #1, Page ID#19.) Plaintiff also claims that Defendants Lesatz, Walbridge and Lettinosen violated his Fifth, Eighth and Fourteenth Amendment rights when they failed to act upon Plaintiff's grievances. (*Id.*, Page ID##9, 10, 12.) Reading Plaintiff's complaint liberally, Plaintiff further alleges that Defendant Walbridge's Step I response was untimely per Michigan Department of Corrections (MDOC) Policy Directive 03.02.130 (effective July 9, 2007). *See Haines*, 404 U.S. at 520.

Plaintiff requests declaratory and injunctive relief, and punitive damages.

II.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Supervisory Liability

Plaintiff fails to make specific factual allegations against Defendants Lesatz, Walbridge and Lettinosen, other than his claims that they failed to properly investigate and respond to his grievances. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active

unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). As such, Defendants Walbridge and Lesatz may not be held liable under § 1983 merely because they denied Plaintiff's Step I and Step II grievance appeals, respectively. *Id.* (defendants could not be held liable for plaintiff's termination from his commissary job when their only roles in the action involved the denial of administrative grievances or the failure to act). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has failed to allege that Defendants Lesatz, Walbridge and Lettinosen engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against them.

### B.     Due Process

Plaintiff alleges that Defendants violated his procedural and substantive due process rights under the Fifth and Fourteenth Amendments. Specifically, Plaintiff claims that Defendant Aramark violated his due process rights by denying him food that was healthy, nutritional and edible. (Compl., docket #1, Page ID#19.) Plaintiff also alleges that Defendants Lesatz, Walbridge and Lettinosen denied him his due process rights by failing to respond to Plaintiff's grievances.

The Due Process Clause of the Fifth Amendment, which is applicable to the state through the Fourteenth Amendment, provides that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law." This provision encompasses two forms of protection:

substantive due process and procedural due process. "A plaintiff asserting a substantive due process claim faces a virtually insurmountable uphill struggle. He must show that the government conduct in question was so reprehensible as to 'shock the conscience' of the court." *Rimmer–Bey v. Brown*, 62 F.3d 789, 791 n.4 (6th Cir. 1995) (citing *Rochin v. California*, 342 U.S. 165 (1952)); *Mertik v. Blalock*, 983 F.2d 1353, 1367–68 (6th Cir. 1993)); *see also Hampton v. Hobbs*, 106 F.3d 1281, 1288 (6th Cir. 1997).

First, Plaintiff does not allege how his claim against Defendant Aramark regarding the prison food implicates Plaintiff's procedural or substantive due process rights. Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. *See Iqbal*, 556 U.S. at 678-69; *Twombly*, 550 U.S. at 555. Moreover, Plaintiff's claim regarding the prison food implicates the Eighth Amendment. The Eighth Amendment is concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes v. Chapman*, 452 U.S. 337, 348 (1981) (citation omitted). "Where a particular [a]mendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that [a]mendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing such a claim." *Albright*, 510 U.S. at 266 (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)) (holding that the Fourth Amendment, not substantive due process, provides the standard for analyzing claims involving unreasonable search or seizure of free citizens, and the Eighth Amendment provides the standard for such searches of prisoners)). If such an amendment exists, the substantive due process claim is properly dismissed. *Heike v. Guevara*, 519 F. App'x 911, 923 (6th Cir. 2013). Because the Eighth Amendment is the proper vehicle for Plaintiff's claim, Plaintiff fails to state a procedural or substantive due process claim against Defendant Aramark.

Moreover, Plaintiff's claim regarding his grievances fails to state a claim against Defendants Lesatz, Walbridge and Lettinosen. Plaintiff has no due process right to file a prison grievance. The Sixth Circuit and other circuit courts have held that there is no constitutionally protected due process right to an effective prison grievance procedure. *Walker v. Mich. Dep't of Corr.,* 128 F. App'x 441, 445 (6th Cir. 2005); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003); *Young v. Gundy,* 30 F. App'x 568, 569-70 (6th Cir. 2002); *Carpenter v. Wilkinson,* No. 99-3562, 2000 WL 190054, at *2 (6th Cir. Feb. 7, 2000); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). Michigan law does not create a liberty interest in the grievance procedure. *See Olim v. Wakinekona,* 461 U.S. 238, 249 (1983); *Keenan v. Marker*, 23 F. App'x 405, 407 (6th Cir. 2001); *Wynn v. Wolf*, No. 93-2411, 1994 WL 105907, at *1 (6th Cir. Mar. 28, 1994). Because Plaintiff has no liberty interest in the grievance process, Defendants Lesatz, Walbridge and Lettinosen's conduct did not deprive him of due process.

In summary, Plaintiff's due process claims against Defendants fail to state a claim.

### C. State Law

Plaintiff alleges that Defendant Walbridge failed to comply with MDOC Policy Directive 03.02.130. However, Defendant Walbridge's alleged failure to comply with an administrative rule or policy does not itself rise to the level of a constitutional violation. *Laney v. Farley*, 501 F.3d 577, 581 n.2 (6th Cir. 2007); *Smith v. Freland*, 954 F.2d 343, 347-48 (6th Cir. 1992); *Barber v. City of Salem*, 953 F.2d 232, 240 (6th Cir. 1992); *McVeigh v. Bartlett*, No. 94-23347, 1995 WL 236687, at *1 (6th Cir. Apr. 21, 1995) (failure to follow policy directive does not rise to the level of a constitutional violation because policy directive does not create a protectible liberty interest). Section 1983 is addressed to remedying violations of federal law, not state law. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982); *Laney*, 501 F.3d at 580-81.

Further, to the extent that Plaintiff's complaint presents claims against Defendants Lesatz, Walbridge and Lettinosen under state law, this Court declines to exercise jurisdiction over those state law claims. "Where a district court has exercised jurisdiction over a state law claim solely by virtue of supplemental jurisdiction and the federal claims are dismissed prior to trial, the state law claims should be dismissed without reaching their merits." *Coleman v. Huff*, No. 97-1916, 1998 WL 476226, at *1 (6th Cir. Aug. 3, 1998) (citing *Faughender v. City of N. Olmsted, Ohio*, 927 F.2d 909, 917 (6th Cir. 1991)); *see also Landefeld v. Marion Gen. Hosp., Inc.,* 994 F.2d 1178, 1182 (6th Cir. 1993).

### III. Service

At this stage of the proceedings, Plaintiff's allegations against Aramark are sufficient to state an Eighth Amendment claim.

### Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Lesatz, Walbridge and Lettinosen will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will also dismiss Plaintiff's due process claims against Defendant Aramark Corporation, Inc. pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve Plaintiff's Eighth Amendment claims against Defendant Aramark Corporation, Inc.

An Order consistent with this Opinion will be entered.

Dated: October 24, 2014             /s/ Gordon J. Quist
                                                   GORDON J. QUIST
                                       UNITED STATES DISTRICT JUDGE