UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

CHRISTOPHER VELTHUYSEN,

        Plaintiff,               Case No. 2:14-cv-192

v.                                            Honorable Gordon J. Quist

ARAMARK CORPORATION, INC. et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* amended complaint (docket #17) indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's due process claims against Defendants Lesatz, Walbridge, DeLisle, Lettinosen and Aramark Correctional Services, Inc. The Court, however, will serve Plaintiff's Eighth Amendment claims against Defendants Lesatz, Walbridge, DeLisle, Lettinosen and Aramark Correctional Services, Inc.

**Discussion**

    I.       Motion for Reconsideration

On October 24, 2014, after screening Plaintiff's original complaint (docket #1) as required by the Prison Litigation Reform Act, the Court issued an Opinion and Order for Partial Dismissal and for Partial Service (docket ##11, 12). Plaintiff then filed a motion for reconsideration (docket #14) asserting new allegations against certain Defendants. On December 4, 2014, the Court ordered Plaintiff's motion for reconsideration to be held in abeyance until Plaintiff filed an amended complaint on the form. Because Plaintiff complied with the Court's Order by filing an amended complaint, the Court will grant Plaintiff's motion for reconsideration to the extent Plaintiff seeks to vacate this Court's October 24, 2014 Opinion and Order for Partial Dismissal and for Partial Service. The Court will also vacate the October 24, 2014 Opinion and Order for Partial Dismissal and for Partial Service. Finally, the Court will screen Plaintiff's amended complaint (docket #17) herein.    II.       Factual allegations

Plaintiff presently is incarcerated at the Alger Correctional Facility but complains of events that occurred at the Baraga Maximum Correctional Facility. In his *pro se* amended complaint, Plaintiff sues Acting Deputy Warden Dan Lesatz, Food Service Supervisor Rob Walbridge, Aramark Correctional Services, Inc. (Aramark), Acting Food Service Director Michael DeLisle and Food Service Director Dan Lettinosen.

Plaintiff complains that the meals served by Aramark are nutritionally inadequate, spoiled, undercooked, watered-down and have made Plaintiff violently ill. On December 18, 2013, Plaintiff alleges that he was served spoiled hamburger meat, moldy bread, cold noodles and gravy, and a bruised orange. Plaintiff requested another meal tray but he was told that the kitchen was closed. On December 19, 2013, Plaintiff was served moldy bread, a rotten orange, cold spaghetti

noodles and spinach, and warm milk. When he requested a new tray, the Michigan Department of Corrections (MDOC) denied his request because the kitchen was closed.

On December 20, 2013, Plaintiff filed a grievance regarding the December 18 and 19, 2013, food incidents. Plaintiff states that Defendant Walbridge denied Plaintiff's Step I grievance in an untimely response according to MDOC Policy Directive 03.02.130 "Prisoner/Parolee Grievances" (effective July 9, 2007). Plaintiff appealed the denial of his grievance to Step II but Defendant Lesatz denied Plaintiff's Step II appeal and refused to correct the food problems. Plaintiff appealed the grievance to Step III but it was denied.

On August 12, 2014, Plaintiff, who works in the kitchen, noticed that the oatmeal was watered down and several trays had moldy bread. Plaintiff also found that the food trays had leftover food from the night before on them. Plaintiff called for new trays but the food on the replacement trays had the same problems. On August 13, 2014, Plaintiff checked the food carts again and found watered-down Ralston and jelly, and moldy toast. Although Plaintiff requested new trays, food service never sent them. Plaintiff then filed another grievance about the food.

On August 19, 2014, Plaintiff wrote an urgent kite to healthcare services, complaining of an upset stomach, frequent bowel movements and vomiting. Although Plaintiff was placed on call-out to see a nurse, Plaintiff's appointment was canceled. Plaintiff continued to be sick with a high fever, upset stomach, nausea and bloody bowel movements for the next two days. Plaintiff was finally seen by a nurse ten days after his kite.

In September 2014, Plaintiff, as block representative for his prison unit, wrote to Food Service Director DeLisle and other MDOC personnel regarding the preparation, sanitation and lack of quality of the food. When he did not hear from DeLisle, Plaintiff sent kites to Food Service Supervisor Lettinosen, Assistant Deputy Warden Lesatz and DeLisle on September 14, 2014,

concerning the sanitation of the food trays, constant food shortages and the incorrect diet trays. (Am. Compl., docket #17, Page ID#142.) Plaintiff never received a response.

On October 18, 2014, Plaintiff alleges that he was served a tray of chicken salad with leftover gravy from a meal on October 12, 2014, bread, baked beans, spinach, a piece of cake without any frosting and an orange drink. Plaintiff requested another tray but was told by a corrections officer, whom Plaintiff does not name as a Defendant in his amended complaint, that if Plaintiff agreed not to sue Aramark, Plaintiff would not be served a "messed[-]up" tray. (*Id.*, Page ID#144.) Plaintiff filed a grievance regarding the October 18, 2014 incident.

Plaintiff alleges that Defendant Aramark violated his Fifth, Eighth and Fourteenth Amendment rights by providing rotten food to Plaintiff. (*Id.*, Page ID#146.) Plaintiff also claims that Defendants Lesatz, DeLisle, Walbridge and Lettinosen violated his Eighth Amendment rights by failing to address the violations by Aramark and its employees. Plaintiff further alleges that Defendants Lesatz, DeLisle, Walbridge and Lettinosen violated his Fifth and Fourteenth Amendment rights by failing to respond to Plaintiff's grievances, complaints and kites regarding the food problems. (*Id.*, Page ID#144.) Moreover, Plaintiff claims that Defendants Lesatz, DeLisle, Walbridge and Lettinosen violated Plaintiff's Fifth, Eighth and Fourteenth Amendment rights by failing "in their duties concerning [Operating Procedure] 04.07.103," "Response to Food Service Sanitation/Inspection Reports," and allowing employees to violate MDOC Policy Directive 04.07.102 "Food Quality Assurance" (effective date Aug. 15, 1994). (*Id.*, Page ID#145.) Reading Plaintiff's amended complaint liberally, *see Haines*, 404 U.S. at 520, Plaintiff finally alleges that Defendant Walbridge's grievance response was untimely per MDOC Policy Directive 03.02.130.

Plaintiff requests declaratory and injunctive relief, and punitive damages.

      III.     <u>Failure to state a claim</u>

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal

rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Walbridge, Lettinosen, DeLisle and Lesatz

Plaintiff claims that Defendants Lesatz, DeLisle, Walbridge and Lettinosen violated his Eighth Amendment rights by failing to address the violations by Aramark and its employees. Plaintiff also alleges that Defendants Lesatz, DeLisle, Walbridge and Lettinosen violated his Fifth and Fourteenth Amendment rights by failing to respond to Plaintiff's grievances, complaints and kites regarding the food problems. Plaintiff further claims that Defendants Lesatz, DeLisle, Walbridge and Lettinosen violated his Fifth, Eighth and Fourteenth Amendment rights by failing to comply with MDOC Operating Procedure 04.07.103 and by allowing employees to violate MDOC Policy Directive 04.07.102. Plaintiff finally complains that Defendant Walbridge filed an untimely grievance response in violation of MDOC Policy Directive 03.02.130.

To the extent Plaintiff alleges that he was deprived of his due process rights by Defendants Lesatz, DeLisle, Walbridge and Lettinosen for the lack of response to his complaints, kites and grievances, and for failing to receive a timely grievance response, Plaintiff fails to state a claim. Plaintiff has no due process right to file a prison grievance. The Sixth Circuit and other circuit courts have held that there is no constitutionally protected due process right to an effective prison grievance procedure. *Walker v. Mich. Dep't of Corr.,* 128 F. App'x 441, 445 (6th Cir. 2005); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003); *Young v. Gundy,* 30 F. App'x 568, 569-70 (6th Cir. 2002); *Carpenter v. Wilkinson,* No. 99-3562, 2000 WL 190054, at *2 (6th Cir. Feb. 7, 2000); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). Michigan law does not create a liberty interest in the grievance procedure. *See Olim v. Wakinekona,* 461 U.S. 238, 249 (1983); *Keenan v. Marker*, 23 F. App'x 405, 407 (6th

Cir. 2001); *Wynn v. Wolf*, No. 93-2411, 1994 WL 105907, at *1 (6th Cir. Mar. 28, 1994). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Because Plaintiff has no liberty interest in the grievance process, Defendants' alleged conduct could not deprive him of due process.

Further, Plaintiff's allegations that Defendants Lesatz, DeLisle, Walbridge and Lettinosen violated MDOC Policy Directives and Operating Procedures fail to state a claim. Defendants' alleged failure to comply with an administrative rule or policy does not itself rise to the level of a constitutional violation. *Laney v. Farley*, 501 F.3d 577, 581 n.2 (6th Cir. 2007); *Brody v. City of Mason*, 250 F.3d 432, 437 (6th Cir. 2001); *Smith v. Freland*, 954 F.2d 343, 347-48 (6th Cir. 1992); *Barber v. City of Salem*, 953 F.2d 232, 240 (6th Cir. 1992); *McVeigh v. Bartlett*, No. 94-23347, 1995 WL 236687, at *1 (6th Cir. Apr. 21, 1995) (failure to follow policy directive does not rise to the level of a constitutional violation because policy directive does not create a protectible liberty interest). Section 1983 is addressed to remedying violations of federal law, not state law. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982); *Laney*, 501 F.3d at 580.

In summary, Plaintiff's due process and state-law claims against Defendants Lesatz, DeLisle, Walbridge and Lettinosen fail to state a claim. At this stage of the proceedings, however, the Court will serve Plaintiff's Eighth Amendment claims against Defendants Lesatz, DeLisle, Walbridge and Lettinosen.

### B. Aramark

Plaintiff complains that Defendant Aramark violated his Fifth, Eighth and Fourteenth Amendments rights by denying him food that was nutritional and edible. (Compl., docket #1, Page ID#19.)

The Due Process Clause of the Fifth Amendment, which is applicable to the state through the Fourteenth Amendment, provides that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law." This provision encompasses two forms of protection: substantive due process and procedural due process. "A plaintiff asserting a substantive due process claim faces a virtually insurmountable uphill struggle. He must show that the government conduct in question was so reprehensible as to 'shock the conscience' of the court." *Rimmer–Bey v. Brown*, 62 F.3d 789, 791 n.4 (6th Cir. 1995) (citing *Rochin v. California*, 342 U.S. 165 (1952)); *Mertik v. Blalock*, 983 F.2d 1353, 1367–68 (6th Cir. 1993); *see also Hampton v. Hobbs*, 106 F.3d 1281, 1288 (6th Cir. 1997). For a procedural due process claim, the plaintiff must satisfy the following elements: (1) a life, liberty, or property interest requiring protection under the Due Process Clause, and (2) a deprivation of that interest (3) without adequate process. *Women's Med. Prof'l Corp. v. Baird*, 438 F.3d 595, 611 (6th Cir. 2006).

Plaintiff wholly fails to allege how his claim against Defendant Aramark regarding the prison food implicates Plaintiff's procedural due process rights. Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. *See Iqbal*, 556 U.S. at 678-69; *Twombly*, 550 U.S. at 555. Moreover, Plaintiff cannot demonstrate a violation of substantive due process. "Where a particular [a]mendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that [a]mendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing such a claim." *Albright*, 510 U.S. at 266 (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)) (holding that the Fourth Amendment, not substantive due process, provides the standard for analyzing claims involving unreasonable search or seizure of free citizens, and the Eighth Amendment provides the standard for such searches of prisoners)). If such an amendment exists,

the substantive due process claim is properly dismissed. *Heike v. Guevara*, 519 F. App'x 911, 923 (6th Cir. 2013). Because the Eighth Amendment is the proper vehicle for Plaintiff's claim, Plaintiff fails to state a procedural or substantive due process claim against Defendant Aramark.

In summary, Plaintiff fails to state due process claims against Defendant Aramark. However, the Court will serve Plaintiff's Eighth Amendment claim against Defendant Aramark.

### C. Service

At this juncture, the Court has determined that Plaintiff's allegations against Defendants Lesatz, DeLisle, Walbridge, Lettinosen and Aramark are sufficient to state an Eighth Amendment claim.

### **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's due process claims against Defendants Lesatz, Walbridge, DeLisle, Lettinosen and Aramark Correctional Services, Inc. will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve Plaintiff's Eighth Amendment claim against Defendants Lesatz, Walbridge, DeLisle, Lettinosen and Aramark Correctional Services, Inc. The Court will also grant Plaintiff's motion for reconsideration (docket #14) and vacate the Court's October 24, 2014 Opinion and Order regarding Partial Service (docket ##11, 12).

An Order consistent with this Opinion will be entered.

Dated: April 29, 2015         /s/ Gordon J. Quist
                              GORDON J. QUIST
                              UNITED STATES DISTRICT JUDGE