UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

CHRISTOPHER VELTHUYSEN,

      Plaintiff,

v.                                                                          Case No. 2:14-CV-192

ARAMARK CORRRECTIONAL                                HON. GORDON J. QUIST
SERVICES, INC., et al.,

      Defendants.
_____/

## ORDER REJECTING REPORT AND RECOMMENDATION

Plaintiff, Christopher Velthuysen, an inmate currently confined with the Michigan Department of Corrections (MDOC), alleges that Defendants, Dan Lesatz, Rob Walbridge, Michael DeLisle, Dan Lettinosen, and Aramark Correctional Services, Inc. violated his rights under the Eighth Amendment by serving spoiled and improperly prepared food. Defendant Lesatz, an MDOC employee, filed a motion for summary judgment based upon Velthuysen's failure to exhaust administrative remedies and, alternatively, a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 53.) Subsequently, Defendants Walbridge, DeLisle, Lettinosen, and Aramark (the Aramark Defendants) also filed a motion for summary judgment based on lack of exhaustion and, alternatively, a motion to dismiss under Rule 12(b)(6). (ECF No. 65.) Finally, Velthuysen filed his own motion for summary judgment. (ECF No. 61.)

On September 21, 2016, Magistrate Judge Greeley issued a Report and Recommendation (R & R) recommending that the Court deny all motions. Defendant Lesatz and the Aramark Defendants have filed separate Objections to the R & R. In addition, Velthuysen has filed a

document titled "Motion to Provide Evidentiary Support," (ECF No. 70), which the Court construes as an Objection to the R & R.

Pursuant to 28 U.S.C. § 636(b), upon receiving objections to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." After conducting a *de novo* review of the R & R, the parties' Objections, and the pertinent portions of the record, the Court concludes that the R & R should be rejected because Velthuysen's allegations fail to support an Eighth Amendment claim.

Velthuysen's pertinent factual allegations are as follows:

- On December 18, 2013, Velthuysen was served spoiled hamburger meat, moldy bread, cold noodles and gravy, and a bruised orange. Velthuysen requested another meal tray but he was told the kitchen was closed.

- On December 19, 2013, Velthuysen was served moldy bread, a rotten orange, cold spaghetti noodles and spinach, and warm milk. When Velthuysen requested a new tray, the MDOC denied his request because the kitchen was closed.

- On August 12, 2014, while working in the kitchen, Velthuysen noticed that the oatmeal was watered down and several trays had moldy bread. Velthuysen also noticed that several of the trays had leftover food from the night before on them. Velthuysen called for new trays, but the replacement trays had the same problems.

- On August 13, 2014, while again working in the kitchen, Velthuysen checked the food trays and found watered-down Ralston and jelly, and moldy toast. Velthuysen requested new trays, but food service never sent them.

- On August 19, 2014, Velthuysen wrote an urgent kite to healthcare services complaining of an upset stomach, frequent bowel movements and vomiting. Velthuysen was placed on call-out to see a nurse, but his appointment was canceled. Velthuysen continued to be sick with high fever, upset stomach, nausea and bloody bowel movements for the next two days.

- On October 18, 2014, Velthuysen was served chicken salad with leftover gravy from a meal on October 12, 2014, bread, baked beans, spinach, a piece of cake without any frosting, and orange drink. When Velthuysen requested another tray, a corrections officer told Velthuysen he would not be served a "messed[-]up" tray if he agreed not to sue Aramark.

(ECF No. 67 at PageID.790–91 (quoting ECF No. 26 at PageID.160–62).)

Defendant Lesatz objects to the R & R because he claims that he lacked the requisite personal involvement in the alleged Eighth Amendment violation. The Aramark Defendants object to the R & R on a number of grounds, including that the magistrate judge failed to employ the proper motion to dismiss standard, Velthuysen's allegations fail to establish a policy or custom by Aramark, Velthuysen's allegations fail to show that the individual Aramark Defendants acted under color of state law, and the individual Aramark Defendants are entitled to qualified immunity. The Court need not address all of these arguments because it concludes that Velthuysen's allegations fail to state an Eighth Amendment claim.

The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes v. Chapman*, 452 U.S. 337, 348, 101 S. Ct. 2392, 2400 (1981). With regard to food, the Sixth Circuit has observed that prisoners are entitled to food that is "nutritionally adequate for the maintenance of normal health." *Boswell v. Meyers*, No. 89-2144, 1990 WL 109230 (6th Cir. Aug. 2, 1990) (citing *Cunningham v. Jones*, 567 F.2d 653, 656 (6th Cir. 1977), and *United States v. Michigan*, 680 F. Supp. 270, 275 (W.D. Mich. 1988)). The food need not be tasty or aesthetically pleasing, so long as it suffices to allow the prisoner to maintain normal health. *Cunningham*, 567 F.2d at 659–60. When a prisoner's allegations concern quality or preparation of food, courts generally hold that the Constitution merely "requires that food be prepared in a manner that reasonably accords with sound sanitary procedures." *Kennibrew v. Russell*, 578 F. Supp. 164, 168 (E.D. Tenn. 1983). Allegations of a single incident, or isolated incidents, of contamination are insufficient to state a claim. *Hamm v. DeKalb Cnty.*, 774 F.2d 1567, 1575 (11th Cir. 1985). To allege a claim, a plaintiff must show that unsanitary conditions "pose[d] an unreasonable risk of serious damage to his future health." *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004) (internal quotation marks omitted).

Relatedly, the objective component of an Eighth Amendment claim requires that the deprivation of rights be "sufficiently serious" such that the "prison official's act or omission . . . result[s] in the denial of 'the minimal civilized measure of life's necessities.'" *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 1977 (1994) (quoting *Rhodes*, 452 U.S. at 347, 101 S. Ct. at 2399).

In this case, Velthuysen's allegations set forth above do not constitute a sufficiently serious deprivation as to amount to an Eighth Amendment violation. Velthuysen alleges, at most, isolated incidents of being served cold or spoiled food or unsanitary conditions. In particular, Velthuysen alleges that on two occasions in December of 2013, he was served spoiled or cold food. Nine months later, in August of 2014, Velthuysen twice observed meal trays that had scraps of food from the previous evening's meal that had not been cleaned off the trays, and watered-down oatmeal and jelly and moldy bread on the trays. Approximately two months later, on October 18, 2014, Velthuysen was served a meal that included leftover gravy from a meal several days before. These circumstances were unfortunate, but did not pose an unreasonable risk of serious damage to Velthuysen's future health. Moreover, Velthuysen's allegation of apparent food poisoning on one occasion, even considered along with his other allegations, still does not allege conduct sufficiently serious to establish an Eighth Amendment violation. In numerous cases, courts have held that a single incident of food poisoning does not amount to an Eighth Amendment violation. *See Green v. Atkinson*, 623 F.3d 278, 281 (5th Cir. 2010) ("A single incident of food poisoning . . . does not constitute a violation of the constitutional rights of the prisoner affected." (footnote omitted)); *Wilson v. Byrd*, No. 15-00160-KD-N, 2016 WL 1573265, at *7 (S.D. Ala. Mar. 14, 2016) ("Taking Plaintiff's allegation as true, that he became ill from tainted food served at Holman on December 26, 2013, does not, alone, amount to a constitutional deprivation."); *Bennett v. Misner*, No. 02-1662-

HA, 2004 WL 2091473, at *20 (D. Or. Sept. 17, 2004) ("Neither isolated instances of food poisoning, temporary lapses in sanitary food service, nor service of meals contaminated with maggots are sufficiently serious to constitute an Eight Amendment violation."), *aff'd*, 180 F. App'x 732 (9th Cir. 2006); *Seymour/Jones v. Oldt*, No. 90-1583, 1990 WL 29721, at *1 (E.D. Pa. Mar. 16, 1990) (holding that the plaintiff failed to state a claim because "a single unintentional instance of food poisoning, which, though undoubtedly unpleasant, does not rise to the level of a violation of his civil rights").  Accordingly, Velthuysen fails to allege a legally sufficient claim.

Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued September 21, 2016 (ECF No. 67 ) is **REJECTED**.

**IT IS FURTHER ORDERED** that Defendant Lesatz's Motion to Dismiss Based on Qualified Immunity (ECF No. 53), Defendant Lasatz's Motion for Extension of Time (ECF No. 76), and the Aramark Defendants' Motion to Dismiss (ECF no. 65) are **GRANTED**, and Plaintiff's amended complaint is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (ECF No. 61) is **DENIED**.

**IT IS FURTHER ORDERED** that the remaining pending motions (ECF Nos. 55 and 80) are **DISMISSED AS MOOT**.

A separate judgment will enter.

This case is **concluded**.


Dated:  January 19, 2017                   /s/ Gordon J. Quist
                                           GORDON J. QUIST
                                           UNITED STATES DISTRICT JUDGE